CHRISTINE PURNELL, PLAINTIFF, v.
THE CITY OF BRIDGETON *ET AL.*, DEFENDANTS.

Juvenile and Domestic Relations Court
Cumberland County

January 29, 1976.

*Mr. Michael S. Berger* for plaintiff (Camden Regional Legal Services, Inc.)

*Mr. Allan H. Harbert* for defendant.

TESTA, J. C. C., Temporarily Assigned. Plaintiff seeks to compel the City of Bridgeton's director of welfare to increase the amount of general assistance rendered pursuant

to the general assistance program established by *N. J. S. A.*
44:8–107 *et seq.* Jurisdiction is conferred upon the Juvenile
and Domestic Relations Court by *N. J. S. A.* 44:1–86.

Plaintiff, a resident of Bridgeton, applied to the city for
public assistance pursuant to *N. J. S. A.* 44:8–107 *et seq.*
in March 1975. The director of welfare found plaintiff to
be eligible for public assistance and made an award to her of
$82 a month. This figure represented the maximum grant for
a person in plaintiff's position, as set forth in the State's
General Assistance Budget Manual. In addition, an award
for medical expenses was made of $5 per doctor visit for
as many visits as were needed in any given month. This
amount was based on the availability of medical care through
the Community Health Improvement Program operated by
the Bridgeton Hospital at $5 per visit. Following a complete
investigation, the amount of public assistance initially
awarded was continued.

Plaintiff, in seeking to compel the director of welfare
to increase the amount of the public assistance grant, con-
tends that since she computes her "needs" for food, shelter,
fuel, clothing and medical care at $117 per month, the
city is obligated under *N. J. S. A.* 44:8–107 *et seq.* to fash-
ion an award so that these computed "needs" are met. Thus,
the question presented, which is apparently one of first im-
pression in this State, is whether the city must award public
assistance in the amount of the applicant's computed "needs"
even where such amount exceeds the maximum grant set
forth in the State's General Assistance Budget Manual.

Plaintiff focuses primarily upon the policy statement set
forth in the General Public Assistance Law. That statement
provides, in pertinent part:

It is hereby declared to be the public policy of the State that every
needy person shall * * * be entitled to receive such public assis-
tance as may be *necessary,* and that the furnishing of such public
assistance is primarily the duty of the municipalities * * * [*N. J.
S. A.* 44:8–109; emphasis supplied]

Based upon this statement of policy, plaintiff maintains that the city is obligated to make an award of public assistance in whatever amount is "necessary." Furthermore, plaintiff contends that since the duty of providing such assistance is primarily that of the city, it can be compelled to make a grant which exceeds the State's maximum reimbursement level whenever an applicant's "needs" exceed that level.

In support of this construction of the statute, plaintiff relies on *Higdon v. Boning*, 121 *N. J. Super.* 276 (J. & D. R. 1972). In that case plaintiff applied for public assistance to the local director of welfare to pay for medical expenses. The application was denied by the director on the ground, among others, that the medical expenses were "in the nature of sophisticated treatment" and therefore not within "the tenor and intendment of the act." *Id.* at 279. The Sussex County Juvenile and Domestic Relations Court overruled the director, holding (at 282) that the "legislative intent was to make certain that the needy should not suffer unnecessarily from the burdens of sickness." Plaintiff contends that this and other language in *Higdon* indicates that medical assistance must be provided by the municipality under the General Public Assistance Law, whatever the cost.

The holding in *Higdon* does not decide the issue before this court. *Higdon* is factually distinguishable in that it dealt only with unusual medical expenses and not with the everyday basic needs which are the subject of the dispute herein. The court finds that the amount necessary to meet those everyday needs can be computed and a fixed sum awarded accordingly. In fact, the Commissioner of Welfare has fixed an amount considered to be sufficient to meet an individual's everyday living expenses, pursuant to his authority under the General Public Assistance Law. Medical expenses, on the other hand, are individual in nature and awards for such must be arrived at on an individual basis.

Bridgeton argues that the Proposed Schedule II of the General Assistance Budget Manual supplied by the State,

from which the $82 a month grant is drawn, is the "budget authorized by the Commissioner" within the meaning of *N. J. S. A.* 44:8–124, which provides in pertinent part:

The *extent* of individual grants *shall be determined* in accordance with the standards and budgets authorized by the commissioner. [Emphasis supplied]

Thus, defendant contends that the extent of the individual grant to plaintiff must be determined in accordance with that schedule, if the statute is to be complied with. Furthermore, defendant argues that any payment in excess of the amount established by the General Assistance Budget Manual is purely voluntary.

Evidence adduced at the hearing in the case at bar indicates that it is the opinion of the Commissioner of Institutions and Agencies that the General Assistance Budget Manual is part of the promulgation duties of the Commissioner pursuant to *N. J. S. A.* 44:8–111(f). Furthermore, the Commissioner feels that the Manual is intended as a definition of the municipality's responsibility and that adherence to the schedule set forth in the manual results in compliance with the statute. The Commissioner has also noted that the schedules are periodically adjusted to reflect changes in living costs. Thus, the Budget Manual is considered to be the uniform statewide definition of "need," in accordance with *N. J. S. A.* 44:8–124.

In light of *N. J. S. A.* 44:8–124 which mandates that "individual grants shall be determined in accordance with the standards and budgets authorized by the commissioner," and *N. J. S. A.* 44:8–111(f) which authorizes the Commissioner to promulgate such standards, this court finds that the Municipal Welfare Department has complied with *N. J. S. A.* 44:8–107 *et seq.* in granting plaintiff an assistance award that follows the schedule set forth by the General Assistance Budget Manual. The establishment of a fixed sum grant such as this ensures statewide uniformity and equality in adminis-

tering welfare programs, and thus eliminates possible "shopping" by recipients to determine the largest grants. This system also enables a municipality to anticipate welfare costs and budget itself accordingly. Furthermore, since living costs are considered in arriving at the amounts fixed in the Budget Manual and periodic adjustments made accordingly, the basic "needs" of welfare recipients are met by the municipality as defined by the Commissioner.

Plaintiffs application is denied.